## GARBER v. CLAYTON COUNTY.

1. **Appeal: JURISDICTION: BOARD OF SUPERVISORS.** The case of *Umbarger* v. *Bean*, 15 Iowa, 256, as to appeal from an order of a board of supervisors to the District Court, cited with approval.

2. **Sheriff: SALARY.** The purpose of the legislature in the enactment of section 4147 of the Revision of 1860, was to graduate the salary of the sheriff by the population of the county; and a subsequent act changing the compensation of the county judge from a salary to fees, did not affect the right of the sheriff to compensation.

*Appeal from Clayton District Court.*

THURSDAY, JUNE 15.

THE opinion contains the necessary facts.

*J. O. Crosby* for the appellant.

*Noble & Beckwith* for the appellee.

WRIGHT, Ch. J.—I. Plaintiff presented to the supervisors of the county his claim for his salary as sheriff for the year 1863. The claim was denied, and he appealed to the District Court, where it was allowed.

1. APPEAL: jurisdiction: board of supervisors.

It is objected that plaintiff had no right to appeal from the order of the board, and that the court had no jurisdiction. No such question was ever made in the court below. If it had been, however, the point is ruled in favor of the jurisdiction in *Umbarger* v. *Bean*, 15 Iowa, 256, and by these cases (whatever doubt any member of the court might entertain) we are content to abide.

II. It is insisted that the claim was allowed by the District Court without evidence. The position finds no support on the record. We do not understand that the case was heard *alone* "upon the transcript," but that the case, as shown and presented therein, was what was tried and adjudicated, but upon what evidence is not

shown. Of this, however, more in the last and main point of this case.

III. Was the plaintiff entitled to anything under the name of salary for the year 1863. Under the Revision, 2. SHERIFF: § 4147, the sheriff is entitled to one-tenth of the salary. annual salary of the county judge, for delivering notices (including mileage), and for other services for which no other compensation is allowed by law. The objection is that the county judge no longer receives a salary as such, and that there is nothing therefore left by which to measure or graduate the compensation allowed the sheriff for the extra services referred to in this statute.

In other words it is insisted that, as the county judge's salary depended upon the population of the county, and as he receives (and did for the year 1863) fees instead of salary, the compensation of the sheriff, contemplated by this section, is taken away by this change, and that he is entitled to nothing for such services. In this view we cannot concur.

The law expressly allows pay for (what may be styled) these extraordinary services. If the amount thereof is not fixed, then he should be allowed what would be a reasonable compensation. Looking at the case from this standpoint alone, the judgment below should be affirmed, for no part of the evidence is before us, and we cannot, therefore, say but that proper proof was taken, and the allowance made, based thereon.

But it will be remembered that when this section was passed, the salaries of the county judge, treasurer and clerk of the District Court, were all in proportion to the inhabitants in their several counties. The object was, as to the sheriff, to graduate his salary by the same rule, and reference was made to the county judge alone for brevity and as a matter of convenience, instead of to each and all of the others. The basis of the calculation is just as

intact, or as easily understood, since the change in the method of paying the county judge as it ever was. Or, in other words, the object and purpose of this section was to provide a compensation to the sheriff for serving notices and the other matters therein specified. The legislature has not repealed this provision.

The right of compensation was not intended or designed to depend upon the existence or non-existence of the office of the county judge. The salary of the one, according to the system of county organization and government as it then stood, was only given therein as the rule or basis upon which to make the calculation.

In thus construing the statute, we preserve and carry out the object of the law in allowing this compensation. The other theory would repeal and render of no effect a statute, and deprive an officer of compensation in the face of the clearly expressed legislative intention. As sustaining these views, see *Cole* v. *Supervisors of Jackson County*, 11 Iowa, 552; *Mather* v. *Converse*, 12 Id., 352.

Affirmed.